```
                                                              FILED
                                                             APR 2 6 2013
            UNITED STATES DISTRICT COURT
             DISTRICT OF SOUTH DAKOTA                         [signature]
                SOUTHERN DIVISION                                CLERK
```

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ROBERT B. MONLUX, | \* | CIV. 11-4180 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | ORDER |
| | \* | (Doc. 21, Motion for Attorney's Fees) |
| CAROLYN COLVIN, | \* | |
| Commissioner of Social Security, | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Attorney Steven Pfeiffer's Motion for Attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 21). Pfeiffer has submitted an Affidavit (Doc. 21-1); the SSA Notice of Award (Doc. 21-2); a billing statement (Doc. 21-3); and a copy of Plaintiff Robert Monlux's fee agreement with Pfeiffer (Doc. 21-4); along with a Memorandum in support of the Motion. Doc. 22. The Defendant has indicated it does not object. Doc. 23.

## BACKGROUND

Pfeiffer represented Monlux in Monlux's claim for Social Security Disability benefits. Pfeiffer's legal representation in federal court began in September, 2010 and spanned two civil actions (Civ. 10-4161 in addition to the instant action). Pfeiffer was ultimately successful in obtaining a reversal of the Commissioner's decision denying benefits. The result is $82,304.92 in past-due benefits for Monlux. Pursuant to 42 U.S.C. § 406(b) and the fee agreement between Pfeiffer and Monlux, Pfeiffer now requests court authorization of attorney's fees in the amount of 25% of Monlux's past-due benefits, or $20,576.23. Upon payment of the requested amount, Pfeiffer will refund to Monlux the amounts Pfeiffer has already been awarded in attorney's fees pursuant to the EAJA.[1]

---

[1] Pfeiffer has already been awarded attorney's fees pursuant to the EAJA in Civ. 10-4161 and in this action. See Doc. 27 in Civ. 10-4161 and Doc. 20 in this action.

## DISCUSSION

Pursuant to 42 U.S.C. § 406(b), a social security claimant who is represented by an attorney and receives a favorable judgment may, as part of that judgment, be awarded a "reasonable" attorney fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The United States Supreme Court has clarified that § 406(b)'s language "does not exclude contingent fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800, 122 S.Ct. 1817, 1824, 152 L.Ed.2d 996 (2002).

> Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary...the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id.* 535 U.S. at 807, 122 S.Ct. at 1828. Factors to consider to determine the reasonableness of a contingent fee agreement under § 406(b) are: (1) the character of the representation and the results achieved; (2) whether the attorney was responsible for significant delay in the case; and (3) whether the benefits are out of proportion to the amount of time spent on the case. *Id.*

In this case, Pfeiffer has submitted an affidavit indicating his usual non-contingent fee is $200 per hour. When he wins a contingent case, he expects to receive more than his regular hourly rate in order to compensate him for the risk of non-recovery involved in accepting a social security case (which has already been administratively denied) on a contingent fee basis. If awarded his requested 25% contingent fee amount of $20,576.23, Pfeiffer's equivalent hourly fee for the time spent on Monlux's case will compute to $363.86 per hour, or 1.8 times his usual non-contingent hourly rate. This hourly rate is comparable to recent §406(b) awards within this geographic area. *See e.g. Warden v. Astrue*, 2012 WL 930799 (W.D. Mo) at *2 (contingency fee rate of $443.32 per hour approved as reasonable); *Casas v. Astrue*, 2012 WL 5399646 (D. Neb.) at *3 (contingency fee rate of $471.64 per hour approved as reasonable); *Finney v. Astrue*, 2011 WL 96683 (W.D. Ark.) at *2 (contingency fee rate of $354.64 per hour approved as reasonable). Applying the factors articulated in *Gisbrecht*, I find Pfeiffer's request for attorney's fees pursuant to his agreement with Monlux to be reasonable.

Therefore, IT IS ORDERED:

(1) Pfeiffer's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 21) is GRANTED;

(2) The Commissioner is directed to pay Pfeiffer $20,576.23 in attorney's fees and to release the balance of past-due benefits to Monlux;

(3) Upon receipt of the § 406(b) attorney fee award, Pfeiffer is directed to refund all EAJA attorney fees received Civ. 10-4161 and in this case to Monlux.

Dated this 26 day of April, 2013.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By_____, Deputy

3